**GOLDBERG SEGALLA**LLP

David S. Osterman | Partner
Direct 609.986.1310 | dosterman@goldbergsegalla.com

August 9, 2012

**VIA ECF FILING**

The Honorable Steven M. Gold
Chief Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Chambers 1217
Brooklyn, New York 11201

  Re: *Hui Tao v. Victoria's Secret Stores, LLC, et al.*
    Case No.: 1:11-cv-00419(JBW)(SMG)
    GS File No.: 9770.0116

Dear Magistrate Judge Gold:

  We represent defendants Victoria's Secret Stores, LLC Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, Inc., Victoria's Secrete Direct New York, LLC, Limited Brands Store Operations, Inc, Limited Brands Direct Fulfillment, Inc., and Limited Brands, Inc. ("Victoria's Secret") in connection with this product liability, personal injury action. We are writing to seek the Court's assistance in resolving a discovery dispute that the parties have tried in good faith to resolve.

  In connection with the recently completed 30(b)(6) corporate designee deposition of Victoria's Secret, which stretched over two days in June and July, plaintiff indicated an intention to depose two additional Victoria's Secret employees, Donald Stewart and Andy Mason. Mssrs. Stewart and Mason are being produced as fact witnesses, and not in response to a 30(b)(6) designation. Victoria's Secret agreed to produce these witnesses for deposition in Columbus, Ohio (where the witnesses both live and work) and offered to work out mutually convenient dates for their deposition. Plaintiff's counsel has indicated that she does not expect to complete the two depositions in one day. This discovery issue emanates from plaintiff's request that the depositions be scheduled at least one week apart, which necessitates at least two separate trips to Ohio (possibly more if one full day per witness is not enough.)

  Plaintiff originally requested that the depositions be scheduled at least one week apart "as a professional courtesy," so that her counsel could have adequate time to prepare for the depositions. Victoria's Secret objected to producing the witnesses one week apart, taking the position that the witnesses should be deposed consecutively so as to avoid the unnecessary time and expense of multiple trips to Ohio. It was also never made clear to us why counsel would need a full week to prepare in between the two depositions. In counsel's most recent correspondence, she raised for the first time a concern about her need to arrange child care. While we are, of course, sensitive to this concern, counsel

112889.1

902 Carnegie Center, Suite 100 | Princeton, New Jersey 08540-6530 | 609.986.1300 | Fax 609.986.1301 | www.GoldbergSegalla.com
PHILADELPHIA | NEW YORK | BUFFALO | ROCHESTER | SYRACUSE | ALBANY | WHITE PLAINS | LONG ISLAND | PRINCETON | HARTFORD

The Honorable Steven M. Gold
Chief Magistrate Judge
United States District Court for the
Eastern District of New York
August 9, 2012
Page 2

never explained why **two** over night trips out of state created less of a child care burden than one trip. In addition, out of state travel is a hardship for all involved.

In an effort to compromise, Victoria's Secret offered to produce the witnesses on two consecutive days in Ohio, starting the first deposition at 12 noon (to provide counsel time to fly in that morning), with the second deposition starting the next morning at 8 am (to provide counsel the opportunity to catch a return flight home that afternoon or evening). Plaintiff rejected this offer and continued to insist upon the right to depose the witnesses one week apart. (We also previously offered to produce the witnesses by video conference, to eliminate the need for travel altogether.) We are therefore at an impasse and unable to schedule these remaining depositions without the court's assistance.

The parties have worked in good faith to move discovery along, and mutual courtesies have been extended by both sides. Written discovery is completed, all party depositions and multiple fact witness depositions have been taken (including several by telephone and/or video conference), and a product inspection and testing has been conducted by the experts. The discovery end date is rapidly approaching, as is the deadline for the service of defendants' expert reports. The two witnesses at issue are both traveling abroad the entire month of September. A mandatory settlement conference is presently scheduled for October 4, 2012. We are concerned that the delays caused by this discovery dispute will necessitate extensions of the remaining discovery deadlines. We therefore request the court's assistance in resolving this issue. We are willing to participate in a telephone or in-person conference to address this issue, if Your Honor believes it would be helpful to resolve this issue.

Respectfully submitted,

*s/ David S. Osterman*

David S. Osterman

DSO/dk
115892.1